# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| John Doe,<br><br>   Plaintiff,<br><br>v.<br><br>Childs Cantey Thrasher, Donald Gist,<br>Brian M. Barnwell, Scott E. Frick,<br>AJ Holloway, Don Jackson, and<br>Brandolyn Thomas Pinkston,<br>in their official capacities as members<br>of the South Carolina Ethics Commission;<br>Alan Wilson, in his official capacity as<br>Attorney General; and Byron Gipson, in his<br>official capacity as Fifth Circuit Solicitor,<br><br>   Defendants. | C.A. No. 3:21-cv-02748-MGL<br><br>**MOTION TO<br>PROCEED ANONYMOUSLY** |

  Plaintiff John Doe is an anonymous individual seeking to challenge the constitutionality of a state statute that gags him from speaking about a complaint he filed against a public official under the South Carolina Ethics, Government Accountability, and Campaign Report Act of 1991 (Ethics Act), S.C. Code Ann. §§ 8-13-100 et seq. Violating that gag rule subjects him to threat of criminal prosecution were he to speak about the secret disposition of that complaint by the South Carolina Ethics Commission (Commission) in a star-chamber proceeding that he was not privy to, but that *corroborated* his factual allegations before dismissing the complaint claiming it was lawful under the Ethics Act for a special interest to pay a public official without requiring the official to disclose and abstain from official action that benefitted the special interest so long as the money was laundered through the special interest's wholly owned subsidiary. Plaintiff wishes to speak about the Commission's findings and dubious legal conclusion in contravention of the gag rule codified at South Carolina Code § 8-13-540(C) but should not be required to subject himself to the

criminal penalties codified at South Carolina Code § 8-13-320(10)(g). Accordingly, he respectfully seeks leave to proceed here anonymously until the Court rules in his favor by striking down the gag rule and Defendants exhaust any appeals.

## RELEVANT FACTUAL BACKGROUND

The relevant factual background is set forth fully in Plaintiff's Complaint (Dkt. No. 1) and is incorporated here verbatim.

## STANDARD OF REVIEW

The rules of civil procedure require that a complaint "must name all the parties[.]" Fed. R. Civ. P. 10(a). However, the decision whether to permit a party to proceed anonymously is a matter of discretion for the district court. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). A non-exclusive list of factors courts have considered to guide this inquiry include (1) whether the justification asserted is merely to avoid annoyance and criticism, (2) whether the matter is sensitive and highly personal, (3) whether identification poses a risk of retaliatory physical or mental harm to the party or innocent non-parties, (4) whether the action is against the government or a private party, and (5) the risk of unfairness to the opposing party. Id. (collecting cases).

## ARGUMENT

The Court should grant Plaintiff leave to proceed anonymously because any information beyond what is detailed in the Complaint risks disclosing a matter the Commission and state law maintain is confidential and the disclosure of which could subject Plaintiff to prosecution by either the Attorney General or the Fifth Circuit Solicitor.

Plaintiff is mindful of and fully embraces the "general presumption of openness of judicial proceedings" that has long been a hallmark of the federal judiciary. See James, 6 F.3d at 238. Indeed, it is his criticism of the Commission's legal conclusion and his desire to publicize that

dubious rationale and petition his government for redress in closing this purported ethics loophole that prompted him to file the Complaint and seek a declaration that South Carolina Code §§ 8-13-320(10)(g) and -540(C) constitute a prior restraint on speech and viewpoint discrimination that violates the First Amendment. Put differently, the very purpose of this action is to drag the underlying dispute out into the sunshine and fell a pernicious state "ethics" law that allows complaints against public officials to be dispatched in secret while gagging the complainant prospectively under threat of prosecution. It is a gag rule created by the powerful to insulate them from criticism and chill legitimate public debate. It violates the First Amendment.

While this motion is filed at the direction of the Court (Dkt. No. 5) prior to the parties appearing, Plaintiff believes the Defendants might eventually seek to defend the Ethics Act's confidentiality provision on the grounds that public officials should not have to answer or account for dismissed ethics complaints that might harm their reputation. Plaintiff believes this view is deeply flawed and will not prove sufficient to save the gag rule from constitutional scrutiny; nevertheless, accepting that argument for what it is worth, Defendants should *also* want this motion to be granted. This litigation will have one of two outcomes: either Plaintiff will prevail, the Court will strike down §§ 8-13-320(10)(g) & -540(C), and Plaintiff can supplement the record with his name and the names of all other relevant actors *or* the Court will uphold the gag rule, maintain the anonymity of Plaintiff and other relevant actors, and none of the concerns engendered by the gag rule will be implicated by the pendency of this declaratory judgment action. Thus, granting this motion protects everyone's interests while the matter is pending.

The Court's order pointed to the decision in Richard S. v. Sebelius, No. CA 3:12-007-TMC, 2012 WL 1909344 (D.S.C. May 25, 2012), which instructs, "[a] plaintiff seeking to proceed anonymously must show that he or she has a substantial privacy right that outweighs the customary

3

and constitutionally-embedded presumption of openness in judicial proceedings." Id. at *1 (quotations omitted). Here, that balancing inquiry is quite simple.

Under the Ethics Act, "[a]ll investigations, inquiries, hearings and accompanying documents are confidential and only may be released" after either a recommendation of probable cause by the Commission of a violation that is not technical in nature or if a legislative ethics committee requests further investigation and receives a second report finding probable cause. S.C. Code Ann. § 8-13-540(C)(1)–(2). Neither has occurred here, meaning the underlying matter remains "confidential" under the Ethics Act, which is precisely what the Commission's cover letter stated to Plaintiff when it sent him a copy of the Order of Dismissal: "Attached, please find an Order of Dismissal issued by the Commission on August 3, 3031, in the above referenced matter. Pursuant to S.C. Code Ann. §8- 13-540(C), this matter remains confidential." Dkt. No. 1 at ¶ 48. "The wilful release of confidential information is a misdemeanor, and a person releasing such confidential information, upon conviction, must be fined not more than one thousand dollars or imprisoned not more than one year." S.C. Code Ann. § 8-13-320(10)(g).

Thus, denying Plaintiff the right to proceed anonymously would force him to either abandon this case and his right to speak about a matter of public concern and interest about and concerning a public official *or* subject himself to the risk of criminal prosecution. This is precisely the sort of fundamental right contemplated by the Richard S. Court. In Publius v. Boyer-Vine, a district court allowed a blogger who posted names, addresses, and phone numbers of California legislators to proceed anonymously to raise a First Amendment challenge to a state statute that made it a crime to post such information. 321 F.R.D. 358, 364 (E.D. Cal. 2017) ("[Blogger] should not be forced to choose between his right to anonymous political speech and his right to avail himself of the federal courts."). The court analogized the blogger's argument to Establishment

4

Clause precedent that allowed plaintiffs to proceed anonymously because disclosure would subject them to harassment from the community and associate them with criminal behavior. See id. at 362–63. Of course, this case presents a far easier question because, unlike the blogger, Plaintiff is not seeking to remain anonymous (thus avoiding public scrutiny and criticism), he is seeking to avoid prosecution by obtaining a declaration of his First Amendment rights.

Accordingly, the Court should hold that Plaintiff has a substantial and fundamental interest in remaining anonymous until he prevails here and then grant this motion.

## CONCLUSION

For the reasons set forth here, the motion should be granted. Alternatively, if the Court is uncertain, it should order Plaintiff to deliver a copy of the Commission's decision to Chambers *in camera* before ruling on this motion, and then grant the motion for the reasons explained above.

    Respectfully submitted by,

    s/Christopher P. Kenney
    Christopher P. Kenney (Fed. ID No. 11314)
    RICHARD A. HARPOOTLIAN, P.A.
    1410 Laurel Street
    Post Office Box 1090
    Columbia, SC 29202
    Telephone: (803) 252-4848
    Facsimile: (803) 252-4810
    cpk@harpootlianlaw.com

    ATTORNEY FOR PLAINTIFF JOHN DOE

August 30, 2021
Columbia, South Carolina.