IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Doe, | ) | Civil Action No. 3:21-cv-02748-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Childs Cantey Thrasher, Donald Gist, Brian M. Barnwell, Scott E. Frick, AJ Holloway, Don Jackson, and Brandolyn Thomas Pinkston, in their official capacities as members of the South Carolina Ethics Commission; Alan Wilson, in his official capacity as Attorney General; and Byron Gipson, in his official capacity as Fifth Circuit Solicitor, | ) | ORDER |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Thomas C. Alexander, in his official capacity as President of the South Carolina Senate; Representative James H. ("Jay") Lucas, in his capacity as the Speaker of the South Carolina House of Representatives; and the South Carolina House of Representatives, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

Plaintiff filed this First Amendment suit alleging that two South Carolina statutes prevented him from speaking publicly about an ethics complaint that he filed against a member of the General Assembly. The parties have reached an agreement that those statutes do not restrict Plaintiff's First Amendment rights. After reviewing the pleadings and the applicable law, the Court agrees with the parties' position and enters this order, which resolves this matter.

## BACKGROUND

According to the Amended Complaint, Plaintiff "filed an ethics complaint [against a sitting legislator] with the appropriate legislative ethics committee under SOUTH CAROLINA CODE ANN. §§ 8-13-530(2) & (4)." (Am. Compl. ¶ 33 (Dkt. No. 50).) The legislative committee then "referred the matter to the [South Carolina State Ethics] Commission." (*Id.* ¶ 35.) After an investigation, the State Ethics Commission dismissed the complaint. (*Id.* ¶ 38.)

Plaintiff alleges that the agency's dismissal order "corroborated" the allegations of the ethics complaint (*id.* ¶ 39), but that the agency has instructed Plaintiff that the "matter remains confidential" pursuant to state law (*id.* ¶ 48). Plaintiff filed this suit under the First Amendment seeking declaratory and injunctive relief allowing him to publicly discuss the content of his ethics complaint and the State Ethics Commission's decision. (*Id.* ¶ 65.)

Specifically, Plaintiff alleges: "South Carolina Code §§ 8-13-320(10)(g) & -540(C), as amended, impose a gag on persons, like Plaintiff, who seek redress from their government by filing a complaint against public officials for violations of the Ethics Act." (*Id.* ¶ 60.) In Plaintiff's view, "Plaintiff cannot speak without violating the Ethics Act's confidentiality provision and subjecting himself to possible criminal penalty." (*Id.* ¶ 66.) As such, Plaintiff requests the Court declare South Carolina Code §§ 8-13-320(10)(g) and -540(C) to be violative of the First Amendment and enjoin their enforcement.

## DISCUSSION

Plaintiff challenges the constitutionality of two statutes, arguing that they restrict his free speech rights. The statutes read as follows:

> (10) The State Ethics Commission has these duties and powers: . . . to conduct its investigations, inquiries, and hearings in this manner:
>
> * * *

2

(g) All investigations, inquires, hearings, and accompanying documents are confidential and only may be released pursuant to this section.

(i) After a dismissal following a finding of probable cause, except for dismissal pursuant to item (10)(b), or a technical violation pursuant to Section 8-13-1170 or 8-13-1372, the following documents become public record: the complaint, the response by the respondent, and the notice of dismissal.

(ii) After a finding of probable cause, except for a technical violation pursuant to Section 8-13-1170 or 8-13-1372, the following documents become public record: the complaint, the response by the respondent, and the notice of hearing. If a hearing is held on the matter, the final order and all exhibits introduced at the hearing shall become public record upon issuance of the final order by the commission. Exhibits must be redacted prior to release to exclude personal information where the public disclosure would constitute an unreasonable invasion of personal privacy. In the event a hearing is not held on a matter after a finding of probable cause, the final disposition of the matter becomes public record.

The respondent or his counsel, by written notice, may waive the confidentiality requirement. The commission shall not accept any partial waivers. The willful release of confidential information is a misdemeanor, and a person releasing such confidential information, upon conviction, must be fined not more than one thousand dollars or imprisoned not more than one year.

S.C. CODE ANN. § 8-13-320(10)(g).

and

(C)(1) All investigations, inquiries, hearings and accompanying documents are confidential and only may be released pursuant to this section.

(2)(a) Upon a recommendation of probable cause by the commission for a violation, other than a technical violation pursuant to Section 8-13-1170 or 8-13-1372, the following documents become public record: the complaint, the response by the respondent, and the commission's recommendation of probable cause.

(b) If the appropriate committee requests further investigation after receipt of the commission's report, documents only may be released if the commission's second report to the committee recommends a finding of probable cause.

*Id.* § 8-13-540(C).

When seeking leave to intervene, Intervenors argued that the statutes challenged in this case do not implicate the speech of a private citizen, such as Plaintiff, but instead provide a limitation on what information related to an ethics investigation the government itself may disclose. (Dkt. Nos. 41, 45.) Thereafter, the parties moved to stay this action for 60 days to explore a possible resolution of this case in light of Intervenors' position. (Dkt. No. 51.) That motion was granted. (Dkt. No. 52.)

On March 21, 2022, the South Carolina State Ethics Commission issued an advisory opinion, withdrawing three prior opinions based on previous versions of the law and concluding that "Section 8-13-320(10)(g) does not implicate a private citizen's speech and, instead, only regulates what materials the Commission may publicly disclose throughout the complaint process and when such disclosures may occur." Op. No. SEC AO2022-001, S.C. STATE ETHICS COMM'N, at 2 (Mar. 21, 2022).

A careful review of the statutes reveals that this is the correct construction, as these statutes only criminalize release by the government of "confidential information."

In the Ethics Code, the General Assembly defined "confidential information" to include only "information, whether transmitted orally in writing, which is obtained by reason of the public position or office held and is of such nature that it is not, at the time of transmission, a matter of public record or public knowledge." S.C. CODE ANN. § 8-13-100(7). In other words, information becomes "confidential information" when it is in the hands of a public official or employee, and Sections 8-13-320(10)(g) and 8-13-540(C) limit when that information can be "released" by the government to the public, absent a waiver of confidentiality by the respondent.

This understanding of the Ethics Code is underscored by the General Assembly's decision to declare that certain materials automatically become a "public record" at various stages of an

4

ethics proceeding. S.C. CODE ANN. §§ 8-13-320(10)(g)(i)–(ii) & -540(C)(2)(a). That term is identical to the same term from the South Carolina Freedom of Information Act, where it is defined as "all books, papers, maps, photographs, cards, tapes, recordings, or other documentary materials regardless of physical form or characteristics *prepared, owned, used, in the possession of, or retained by a public body*." *Id.* § 30-4-20(c) (emphasis added).

In light of the Amended Complaint, Intervenors' motions to intervene, and Advisory Opinion SEC AO2022-001, the parties now all agree that §§ 8-13-320(10)(g) and -540(C) do not restrict a private citizen's speech and, instead, regulate what materials the government may publicly disclose associated with an ethics investigation and when it may make those disclosures. Having reviewed the governing law, the Court agrees with this construction.

Accordingly, these statutes do not restrict Plaintiff's First Amendment rights. This case is dismissed with prejudice with all parties to bear their own fees and costs.

IT IS SO ORDERED.

s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 14, 2022