## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| John Doe, | |
| Plaintiff, | |
| v. | C.A. No. 3:21-cv-02748-MGL |
| Childs Cantey Thrasher, Donald Gist, Brian M. Barnwell, Scott E. Frick, AJ Holloway, Don Jackson, and Brandolyn Thomas Pinkston, in their official capacities as members of the South Carolina Ethics Commission; Alan Wilson, in his official capacity as Attorney General; and Byron Gipson, in his official capacity as Fifth Circuit Solicitor, | **MOTION TO AMEND CAPTION** |
| Defendants, | |
| and | |
| Thomas C. Alexander, in his official capacity as President of the South Carolina Senate; and James H. Lucas, in his official capacity as Speaker of the South Carolina House of Representatives. | |

Plaintiff John Doe hereby moves under Rule 10(a) of the Federal Rules of Civil Procedure to amend the caption in this action to identify the Plaintiff as John Rhodes Bailey. The grounds for granting the motion are as follows:

1. Plaintiff John Doe filed this action and moved the Court for leave to proceed anonymously to avoid violating a state law that prevented him from speaking, under South Carolina Code § 8-13-540(C), and threatened criminal prosecution, under South Carolina Code § 8-13-320(10)(g), were he to speak about the disposition of an ethics complaint against a public official by the S.C. Ethics Commission.

2.	In seeking leave to proceed anonymously, Plaintiff argued he should not have to subject himself to possible criminal penalty to challenge the constitutionality of the state law but promised to supplement the record if he prevailed. See Dkt. No. 8.

3.	No one opposed the motion and the Court granted Plaintiff leave to proceed anonymously. Dkt. No. 34.

4.	Thereafter, the President of the South Carolina Senate and Speaker of the South Carolina House intervened. Dkt. Nos. 41, 44, 45, 47.

5.	Intervenors argued the statutes challenged in this case do not implicate the speech of a private citizen, such as Plaintiff, but instead provide a limitation on what information related to an ethics investigation the government itself may disclose. Dkt. Nos. 41, 45.

6.	The parties moved to stay this action to explore a possible resolution considering Intervenors' position, which was granted. Dkt. Nos. 51, 52.

7.	On March 21, 2022, the South Carolina State Ethics Commission issued an advisory opinion, withdrawing three prior opinions based on previous versions of the law and concluding that "Section 8-13-320(10)(g) does not implicate a private citizen's speech and, instead, only regulates what materials the Commission may publicly disclose throughout the complaint process and when such disclosures may occur." Op. No. SEC AO2022-001, S.C. STATE ETHICS COMM'N, at 2 (Mar. 21, 2022).

8.	On March 30, 2022, the parties submitted a proposed consent order memorializing their agreement that South Carolina Code §§ 8-13-320(10)(g) and -540(C) do not restrict a private citizen's speech and, instead, regulate what materials the government may publicly disclose associated with an ethics investigation and when it may make those disclosures. Dkt. No. 55.

9.	On April 14, 2022, the Court entered the Order and Judgment. Dkt. Nos. 57, 58.

10. The rules of civil procedure require that a complaint "must name all the parties[.]" Fed. R. Civ. P. 10(a).

11. While a district court has discretion to permit a party to proceed anonymously, the exercise of that discretion is typically guided by (1) whether the justification asserted is merely to avoid annoyance and criticism, (2) whether the matter is sensitive and highly personal, (3) whether identification poses a risk of retaliatory physical or mental harm to the party or innocent non-parties, (4) whether the action is against the government or a private party, and (5) the risk of unfairness to the opposing party. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993).

12. "A plaintiff seeking to proceed anonymously must show that he or she has a substantial privacy right that outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Richard S. v. Sebelius, No. CA 3:12-007-TMC, 2012 WL 1909344 (D.S.C. May 25, 2012).

13. The Fourth Circuit has cautioned against permitting suits with unnamed parties to remain on the docket. See Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982).

14. Based on the consent motion of the parties and agreement of the Court that South Carolina Code §§ 8-13-320(10)(g) and -540(C) do not bar Plaintiff from speaking or pose a threat of criminal prosecution to him, Plaintiff's anonymity is no longer necessary and must give way to the presumption of open judicial proceedings.

15. Prior to filing this motion, Plaintiff filed a notice of filing attaching (A) a copy of the Cover Letter and Dismissal Order issued by the S.C. Ethics Commission as referenced in Paragraph Nos. 7 and 48 of the Amended Complaint and (B) a copy of the Ethics Complaint referenced in Paragraph No. 33. These documents identify the Plaintiff by name.

      16.     Thus, having completed the record in this case, Plaintiff now moves to restyle the caption by replacing Plaintiff John Doe with Plaintiff John Rhodes Bailey.

      17.     Prior to filing this motion, the undersigned sent a draft of this motion to counsel for Defendants and Intervenors. As of this filing, their position is unknown.

                                       Respectfully submitted by,

                                       s/Christopher P. Kenney
                                       Christopher P. Kenney (Fed. ID No. 11314)
                                       RICHARD A. HARPOOTLIAN, P.A.
                                       1410 Laurel Street
                                       Post Office Box 1090
                                       Columbia, SC 29202
                                       Telephone: (803) 252-4848
                                       Facsimile: (803) 252-4810
                                       cpk@harpootlianlaw.com

                                       ATTORNEY FOR PLAINTIFF JOHN DOE

May 4, 2022
Columbia, South Carolina.